UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-3791 JGB (SPx)** | Date | September 14, 2017 |
| Title | ***Amy Evans v. DSW, Inc.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendant: |
| None Present | None Present |

**Proceedings:** **Order: (1) GRANTING in part and DENYING in part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and Motion for Partial Judgment on the Pleadings (Dkt. No. 58); (2) GRANTING Defendant's Request for Judicial Notice (Dkt. No. 59); and (3) VACATING the September 18, 2017 hearing (IN CHAMBERS)**

Before the Court is a Motion to Dismiss and Motion for Partial Judgment on the Pleadings filed by defendant DSW, Inc. ("Defendant") (Dkt. No. 58). The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers timely filed in support of and in opposition to the Motion, the Motion is GRANTED in part and DENIED in part. The September 18, 2017 hearing on these matters is VACATED.

## I. BACKGROUND

### A. Procedural History

On May 31, 2016, Plaintiff Amy Evans ("Plaintiff") filed a putative class action Complaint against DSW, Inc. and Does 1 through 100. (Dkt. No. 1.) The Complaint alleged DSW, Inc. ("DSW" or "Defendant"), engaged in deceptive advertising practices. (Id.) On July 11, 2016, Plaintiff filed a First Amended Complaint against DSW, ("FAC," Dkt. No. 13), attaching Exhibits A, B, C, and D in support. (Dkt. Nos. 13-1 through 13-4.) The FAC alleged similar allegations, but omitted the fictitious defendants. (Id.)

On August 1, 2016, DSW filed a motion to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 8, and 9(b).[1] (Dkt. No. 14.) On February 2, 2017, the Court denied DSW's motion to dismiss. (Dkt. No. 38.) On July 3, 2017, pursuant to a stipulation by the parties, Plaintiff filed a Second Amended Complaint, with four accompanying exhibits. ("SAC," Dkt. No. 55.)[2] The SAC alleges the following causes of action stemming from DSW's allegedly false advertising practices: (1) unfair business practices, in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (2) fraudulent business practices, in violation of the UCL; (3) unlawful business practices, in violation of the UCL; (4) false advertising, in violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.; (5) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; (6) unjust enrichment; (7) breach of express warranty; and (8) breach of contract.

DSW filed a Motion to Dismiss and Motion for Partial Judgment on the Pleadings on July 19, 2017, accompanied by the Declaration of Stephanie Sheridan. ("Motion," Dkt. No. 58; Sheridan Decl., Dkt. No. 58-1.) In support of its Motion, DSW filed a Request for Judicial Notice, ("RJN," Dkt. No. 59), asking for the Court to take notice of the following:

- Plaintiff's CLRA letter dated May 27, 2016 (id. at Ex. A);
- A copy of the tracking information from the U.S. Postal Service Website for Plaintiff's May 27, 2016 CLRA letter (id. at Ex. B); and
- Monday, May 30, 2016 is Memorial Day (id. at 2.)[3]

---

[1] Unless otherwise indicated, any mention of "Rule" refers to the Federal Rules of Civil Procedure.

[2] Plaintiff initially filed the Second Amended Complaint on June 20, 2017, (Dkt. No. 54), and a Corrected Second Amended Complaint on July 3, 2017. The Corrected Second Amended Complaint is the operative complaint for purposes of DSW's Motion.

[3] Pursuant to Federal Rule of Evidence 201, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The fact that Monday, May 30, 2016 was Memorial Day can be judicially noticed because courts may take judicial notice of historical happenings and events. Akira Ono v. United States, 267 F. 359, 362 (9th Cir. 1920). The Court also finds the CLRA letter and the tracking information for that letter proper subjects for judicial notice. Plaintiff's complaint relies on the CLRA letter and Plaintiff does not contest its authenticity. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Thus, Plaintiff's CLRA letter may be judicially noticed and considered on a motion to dismiss without converting the motion into one for summary judgment under Rule 56 because it has been incorporated by reference. See, e.g., Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)("Where, however, an attached document is integral to the plaintiff's claims and its authenticity is not disputed, the plaintiff "obviously is (continued . . . )

On August 2, 2017, Plaintiff filed an Opposition to DSW's Motion. ("Opp.," Dkt. No. 63.) DSW filed a Reply in support of its Motion on August 14, 2017, which attaches as Exhibit A the first amended complaint and other documents filed in Munning v. The Gap, Inc., et al, No. 3:16-cv-03804-TEH (N.D. Cal. Feb. 24, 2017). ("Reply," Dkt. No. 66; Dkt. No. 66-1.) DSW filed a Notice of Supplemental Authority on August 21, 2017, which attaches as Exhibit A Gomez v. Jelly Belly Candy Company, No. 5:17-cv-0575-CJC-FFM (S.D. Cal. Aug. 18, 2017). (Dkt. Nos. 68, 68-1.)

**B. Allegations in the FAC**

The following facts are drawn from Plaintiff's SAC and are taken as true for purposes of this Motion. DSW is an Ohio corporation that sells shoes, handbags, and accessories for women, men, and children. ("10-K," Dkt. No. 55-1, 8.) DSW has 468 stores nationwide, (id.), and operates forty-five DSW locations in California. (SAC at ¶ 38.) According to Plaintiff, DSW increases its sales by creating the "illusion of traditional outlet and warehouse discounts and bargains," in "offering made-for-outlet goods at prices reduced from fabricated, arbitrary, and false 'Compare At' prices." (SAC at ¶ 44.) Plaintiff alleges that DSW is doing just that: intentionally using false price comparisons designed to deceive consumers into believing they are purchasing brand-name shoes at a discount, when they are actually buying shoes made exclusively for DSW. (Id. at ¶ 46.) Plaintiff maintains that DSW designed this deceptive advertising to make customers feel like they are saving money by shopping at DSW rather than other retail stores, even though the pair of shoes they purchased could never be offered at a different price or sold by a different retailer. (Id. at ¶ 43.)

DSW creates and trademarks the DSW Exclusive Products' brands—including, among others, Kelly & Katie, Lulu Townsend, Poppie Jones, Audrey Brooke, and One Wink. (Id. at ¶ 11.) Yet, DSW advertises its exclusive products with the "Compare At" price references. (Id. at ¶ 12.) Plaintiff alleges that this practice constitutes false, fraudulent, and deceptive advertising

---

( . . . continued)
on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished."). The tracking information contained on the United States Postal Service website is also a proper subject for judicial notice because it is a government website so it is "not subject to reasonable dispute" and is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Accord Ananias v. Stratton, No. 11-3274, 2012 WL 1434880, at *2 (C.D. Ill. Apr. 25, 2012)(taking judicial notice of date that right-to-sue letter was received from the United States Postal Service's website)(citing Brown v. Northwestern University, 2011 WL 6152889, at * 1 (N.D.Ill.2011) ("The court may take judicial notice of the information on a government website, because it is 'not subject to reasonable dispute' and is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' ") (quoting Fed. R. Evid. 201(b)). Accordingly, the Court GRANTS DSW's Request for Judicial Notice.

because the "Compare At" prices on product tags list substantially higher prices than those offered at DSW. (Id. at ¶ 70.) Plaintiff further alleges that every DSW customer's receipt contains a "YOU SAVE" amount in large, capitalized letters, that purports to reflect the difference between the actual price paid and the "Compare At" price advertised on the product price tag. (Id. at ¶ 17.) Plaintiff alleges this is also true for online purchases, where DSW advertises its Exclusive Products with "Compare At" price references, and DSW tells customers how much they saved when they complete their orders. (Id. at ¶ 48.) Plaintiff maintains, therefore, that DSW "sets the prices for its DSW Exclusive Products knowing full well that the products will never be sold anywhere at the Compare At price," in order to "facilitate sham markdowns," thereby deceiving its customers into believing they are getting a deal to increase its sales. (Id. at ¶ 16.)

Plaintiff purchased five DSW Exclusive Products in March and April 2016 both at the DSW store located in Sherman Oaks, California, and online through DSW's website. (Id. at ¶ 37.) Plaintiff alleges she was induced to make these purchases in reliance on DSW's deceptive reference pricing scheme and suffered damages as a result. (Id.) Plaintiffs asserts these claims on behalf of a "Proposed Class" consisting of "[a]ll California residents who, within the applicable statute of limitations preceding the filing of this action and going forward from the date of the Complaint, purchased a DSW Exclusive Product advertised with a Compare At price and a lower actual selling price from DSW." (Id. at ¶ 56.) Plaintiff seeks actual and punitive damages on behalf of herself and the Class, as well as "restitution and all other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class as a result of its unlawful, unfair and fraudulent business practices," attorney's fees and costs, and injunctive relief. (Id. at Prayer.)

## II. LEGAL STANDARD

Rule 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Surviving a motion to dismiss requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III. DISCUSSION

### A. Warranty and Contract Claims

#### 1. Parties' Contentions

DSW argues that Plaintiff's breach of express warranty and contract claims must be dismissed because Plaintiff failed to provide DSW with proper notice of the alleged breach as required by California Commercial Code section 2607(3)(A)("Section 2607"). (Motion at 6.) Plaintiff, on the other hand, claims to have provided adequate notice to DSW on June 8, 2017, when she sent DSW a copy of the proposed complaint containing both the breach of express warranty and breach of contract claims, and on May 27, 2016, when she sent DSW a CLRA notice letter since this letter identified the particular conduct giving rise to DSW's liability under the alleged warranty and purported contract. (Opp. at 7-9.) As such, Plaintiff asserts that her Seventh and Eighth causes of action should be permitted to go forward because she provided DSW with ample time to cure its breach and the purpose of the notice requirement has been served. (Id. at 11.)

The Court finds that neither the June 8, 2017 proposed complaint nor the May 27, 2016 CLRA letter provided adequate notice to DSW to comply with the requirements of Section 2607. Section 2607 applies to both the express warranty and contract claims because the breach of contract claim is premised on the same allegations as the breach of warranty claim, and they both arise out of a sale of goods. Cf. Cardinal Health 301, Inc. v. Tyco Elecs. Corp., 169 Cal. App. 4th 116, 135 (2008)("[A] breach of contract claim based solely on a breach of warranty is governed by section 2725, subdivision (2).").

"To recover on a breach of warranty claim, the buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of any breach or be barred from any remedy." Id. (internal punctuation omitted) (citing Cal. Com. Code § 2607(3)(A)). "This notice requirement is designed to allow the seller the opportunity to repair the defective

item, reduce damages, avoid defective products in the future, and negotiate settlements." Id. Sending DSW the proposed complaint on June 8, 2017 would not satisfy the notice requirements of Section 2607 because the notice must be provided before suit is filed. See, e.g., Alvarez v. Chevron Corp., 656 F.3d 925, 932 (9th Cir. 2011) (express warranty claim barred where plaintiffs sent their notice letter simultaneously with the complaint); Adkins v. Apple Inc., 147 F. Supp. 3d 913, 920 (N.D. Cal. 2014)(rejecting argument that letter sent contemporaneously with the filing of the original complaint was sufficient notice under Section 2607 because defendant was "given ample opportunity to cure the breach of warranty between the time Plaintiffs filed the original Complaint and the time they filed the First Amended Complaint on February 10, 2014."). As in Adkins, it is of no moment that DSW received a copy of the proposed complaint adding the breach of warranty and contract claims before the SAC was actually filed since this "notice" was still received after the original complaint was filed.

Similarly, the CLRA letter sent on May 27, 2015 fails to satisfy Section 2607's notice requirements. Judicially noticeable documents demonstrate that the first time DSW could have received Plaintiff's CLRA letter was on May 31, 2015. This could not provide DSW with an adequate opportunity to cure any breaches or negotiate a settlement since the letter was received the same day the suit was filed. Oddo v. Arcoaire Air Conditioning & Heating, No. 815CV01985CASEX, 2017 WL 372975, at *8 (C.D. Cal. Jan. 24, 2017)(citing Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1143 (N.D. Cal. 2010) (interpreting the MMWA and noting: "In order for a manufacturer to respond to a problem with a consumer's product, it first must be notified of the occurrence of the problem."). Even if Plaintiff's provision of notice on May 27, 2015 provided adequate time for DSW to cure its breach, the CLRA letter is also substantively inadequate.

The purpose of the pre-suit notice requirement is to permit the seller to repair the defective item or avoid defective products in the future. The CLRA letter makes no reference to the "You Save" promise affixed to the DSW receipt, thus, upon receiving the letter, DSW would not be prompted to remove such language from the receipt prior to facing suit. Putting aside the fact that the "You Save" statement on the receipt is unlikely to create an actionable promise for purposes of plausibly inferring a warranty or a contract—since Plaintiff could have only read this statement after she purchased the allegedly defective items—absent from the CLRA letter are any facts, claims, or representations signaling Plaintiff's intent to bring breach of warranty or breach of contract claims. Cf. Stearns v. Select Comfort Retail Corp., 763 F. Supp. 2d 1128, 1144 (N.D. Cal. 2010)(finding the pre-suit letter inadequate to provide notice under Section 2607 because "nothing in the letter state[d] or even implie[d] that Williams [was] acting on behalf of a purported plaintiff class."). The Court cannot conclude, therefore, that the May 27, 2015 CLRA letter provided adequate pre-suit notice to DSW as required by Section 2067. On that basis, the Court GRANTS DSW's Motion as to the breach of express warranty and breach of contract claims, and DISMISSES Plaintiff's Seventh and Eighth causes of action WITH PREJUDICE.

//

**B. Equitable Relief**

**1. Parties' Contentions**

DSW argues that judgment on the pleadings should be granted in its favor for Plaintiff's UCL, FAL, and unjust enrichment claims, in addition to her claim for injunctive relief and restitution under the CLRA because Plaintiff's claims for damages under the CLRA and her breach of warranty and breach of contract claims offer her an adequate remedy at law. (Motion at 11.) DSW asserts that Plaintiff cannot show she lacks an adequate remedy because her damages are based on the exact same conduct that forms the basis of her UCL, FAL, and unjust enrichment claims, and her claims for equitable relief under the CLRA. (Id. at 13.) ("Plaintiff is thus precluded from seeking equitable relief in the form of restitution and injunctive relief under the UCL, FAL, or CLRA or through a claim for unjust enrichment." ). Plaintiff counters that equitable relief is warranted where monetary relief is insufficient to protect against future harm flowing from the wrongful conduct. (Opp. at 12.) The Court considers these arguments under Rule 12(c). The standard of review for a motion for partial judgment on the pleadings under Rule 12(c) is the same as that applied when considering a motion to dismiss under Rule 12(b)(6). McSherry v. City of Long Beach, 423 F.3d 1015, 1021 (9th Cir. 2005).

Defendant is correct that Plaintiff can only pursue equitable relief or recovery under the UCL and FAL if she demonstrates that remedies at law would be inadequate. See Prudential Home Mortgage Company v. Superior Court, 66 Cal. App. 4th 1236, 1249 (1998) (holding that statutory relief under the UCL "is subject to fundamental equitable principles, including inadequacy of the legal remedy."). Indeed, civil penalties and equitable relief are the only remedies available under the UCL and FAL. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003); see also In re Vioxx Class Cases, 180 Cal. App. 4th 116, 130 (2009) ("The remedies available in a UCL or FAL action are limited to injunctive relief and restitution."). The CLRA authorizes courts to order injunctive relief, restitution, and any other relief that the court deems proper, in addition to actual and punitive damages. See, Gonzales v. Car Max Auto Superstores, LLC, 845 F.3d 916, 918 (9th Cir. 2017). The SAC adequately alleges a plausible entitlement to equitable relief.

Plaintiff alleges she "would not have purchased the products, or would not have paid the price she did, if she had known that the represented discounts were false." (SAC at ¶ 52.) Plaintiff further alleges that she will not purchase DSW Exclusive Products in the future "unless or until DSW discontinues the use of false and misleading reference prices." (Id.) Taking Plaintiff's allegations as true, Plaintiff has sufficiently demonstrated that injunctive relief may be appropriate to deter DSW from continuing to use its alleged false reference prices on its Exclusive Products.

DSW relies on Duttweiler v. Triumph Motorcycles, No. 14-CV-04809-HSG, 2015 WL 4941780 (N.D. Cal. Aug. 19, 2015), Munning v. Gap, Inc., No. 16-CV-03804-TEH, 2017 WL 2377867 (N.D. Cal. June 1, 2017), and Gomez v. Jelly Belly Candy Co., No. EDCV1700575CJCFFMX, 2017 WL 2598551 (C.D. Cal. June 8, 2017), to argue that Plaintiff's

UCL and FAL claims should be dismissed for failure to allege the absence of an adequate remedy at law. The Court finds these cases distinguishable, and thus, not persuasive.

Munning is distinguishable because the court in that case had already dismissed the plaintiff's UCL and FAL claims. 2017 WL 2377867, at *2 (N.D. Cal. June 1, 2017)("[T]he Court also granted 'Defendants' motion to dismiss Plaintiff's claims for equitable relief, including Plaintiff's UCL and FAL claims.'"). In like manner, the Jelly Belly court dismissed the UCL and FAL claims because it had already determined that the allegations were insufficient to establish Article III standing to pursue injunctive relief, and that was the only remedy sought for those causes of action. Gomez v. Jelly Belly Candy Co., No. EDCV1700575CJCFFMX, 2017 WL 2598551, at *2 (C.D. Cal. June 8, 2017)("Absent from the Complaint are any factual allegations concerning the circumstances of Gomez's purchase of the product, how she intended to use the product, whether she in fact expected a sugar-free product, whether she thought 'evaporated cane juice' was juice as opposed to sugar, and whether she consumed the product."). Specifically, the Jelly Belly plaintiff failed to plausibly allege that she was likely to be deceived in the future by Jelly Belly's use of evaporated cane juice. Conversely, the Court's February 2, 2017 order determined Plaintiff's allegations sufficient to establish Article III standing to pursue injunctive relief. (See Dkt. No. 38, 10)("Taking Plaintiff's allegations as true, Plaintiff would shop at DSW in the future absent DSW's alleged misrepresentations, which allows the Court to reasonably infer that she is threatened by a repetition of harm. Accordingly, Plaintiff has adequately alleged standing to pursue injunctive relief.").

Finally, in Duttweiler, the court concluded that the plaintiff's entitlement to injunctive relief was speculative where he sought damages under the CLRA for the same conduct that formed the basis of his UCL and FAL claims and the defendant no longer manufactured the motorcycles with the alleged defects that formed the basis of his claims, and hadn't for "at least half a decade." Duttweiler v. Triumph Motorcycles (Am.) Ltd., No. 14-CV-04809-HSG, 2015 WL 4941780, at *9 (N.D. Cal. Aug. 19, 2015)("[E]ven accepting the truth of Duttweiler's allegations, there is no ongoing conduct for the Court to enjoin."). Under those circumstances, the court held that money damages provided an adequate remedy.

Here, on the other hand, Plaintiff alleges that DSW continues to use its false reference pricing scheme, and this scheme is likely to continue to deceive reasonable consumers if left unabated. This is sufficient to allege that a damages remedy is inadequate. Henderson v. Gruma Corp., No. CV 10-04173 AHM AJWX, 2011 WL 1362188, at *8 (C.D. Cal. Apr. 11, 2011)("Defendant has not presented evidence or even alleged that it has removed its allegedly misleading advertising from its products. With such advertising remaining on supermarket shelves, Plaintiffs, as representatives of a class, should be entitled to pursue injunctive relief on behalf of all consumers in order to protect consumers from Defendant's alleged false advertising.").

Plaintiff also adequately alleges her vested interest in money or property that, assuming the truth of her allegations, is currently in DSW's possession. As noted above, restitution is an available remedy under the FAL, UCL, and the CLRA. See Cal. Bus. & Profs. Code §§ 17203, 17535; California Civil Code § 1780(a)(3). The object of restitution is to restore the status quo by

returning to the plaintiff funds in which he or she has an ownership interest." Korea Supply Co., 29 Cal. 4th at 1148. "A plaintiff has a vested interest in money or property when the money or property is 'due and payable' to the plaintiff, but has yet to be paid." Lucas v. Breg, Inc., 212 F. Supp. 3d 950, 965 (S.D. Cal. 2016). Plaintiff alleges that "[t]hrough its unfair acts and practices, DSW has improperly obtained money from Plaintiff and the Class[,]" and therefore, seeks an order restoring this money to Plaintiff and all class members and to enjoin DSW from continuing to violate the UCL. (SAC at ¶¶ 72, 80.) Restitution would return Plaintiff and the Class Members to the status quo. Plaintiff alleges that "[h]ad she known that items she purchased were never sold or intended to be sold at the Compare At price (and that therefore the You Save amount was false), she would not have purchased the products or she would not have been willing to pay the amount she did." (Id. at ¶ 14.) A more precise figure, representing the difference between what Plaintiff paid and the value she reaped, is the proper measure of restitution. Ries v. Arizona Beverages USA LLC, 287 F.R.D. 523, 532 (N.D. Cal. 2012)("The difference between what the plaintiff paid and the value of what the plaintiff received is a proper measure of restitution."). Cf. Von Koenig v. Snapple Beverage Corp., 713 F. Supp. 2d 1066, 1079 at n. 9 (E.D. Cal. 2010)("To the extent plaintiffs seek all money paid, such damages are not covered under the UCL or FAL because they do not constitute 'lost money or property,' because, under the current factual allegations, it is reasonable to infer that they received at least some benefit from the purchase and consumption of defendant's drink products.").

That said, the allegations allow the Court to plausibly infer that some amount of money was obtained from Plaintiff and Class members through deceptive and unlawful practices, and it appears that these alleged deceptive practices continue. Hinojos v. Kohl's Corp., 718 F.3d 1098, 1108 (9th Cir. 2013)("Because the 'any damage' standard includes even minor pecuniary damage, we conclude that any plaintiff who has standing under the UCL's and FAL's 'lost money or property' requirement will, *a fortiori,* have suffered 'any damage' for purposes of establishing CLRA standing."). The Court will not dismiss Plaintiff's claims for restitution because the exact figure has yet to be determined. Cf. Mazza v. Am. Honda Motor Co., 666 F.3d 581, 595 (9th Cir. 2012)("Under California's UCL, restitution is available to absent class members without individualized proof of deception, reliance, or injury."). Accordingly, the Court declines to dismiss Plaintiff's UCL, FAL, or CLRA claims on this basis.

With respect to Plaintiff's Sixth Cause of Action, "[t]here is no cause of action in California for unjust enrichment." World Surveillance Grp. Inc. v. La Jolla Cove Investors, Inc., 2014 WL 1411249, *2 (N.D. Cal. Apr. 11, 2014) (citing Melchior v. New Line Prods., Inc., 106 Cal.App.4th 779, 793 (2003)). That said, in Astiana v. Hain Celestial Group, Inc., 783 F.3d 753 (9th Cir. 2015), the Ninth Circuit, applying California law, held that while "there is not a standalone cause of action for unjust enrichment, which is synonymous with restitution....[w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." 783 F.3d at 762 (quotation marks and citations omitted); see Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal. App. 4th 221, 231 (2014). Relevant here, the Astiana Court, continued to explain, that courts should not dismiss a quasi-contract claim seeking restitution as duplicative or superfluous of other claims since Rule 8(d)(2) allows parties to plead claims in the alternative. 783 F.3d at 762–73 (citing Fed. R. Civ. P. 8(d)(2)). In short, that Plaintiff seeks

equivalent forms of relief for multiple claims does not render her other causes of action inadequately pled. Plaintiff's inclusion of a claim for unjust enrichment does not defeat the equitable relief otherwise available to her if she were to prevail on her other causes of action.

In summary, Plaintiff adequately alleges that damages are inadequate to protect herself, the Class Members, and the consuming public from DSW's allegedly fraudulent and deceptive advertising practices. Hinojos, 718 F.3d at 1106 ("Misinformation about a product's 'normal' price is, therefore, significant to many consumers in the same way as a false product label would be."). She also adequately alleges her claim for restitution since it is plausible to infer from the SAC that DSW obtained more money from Plaintiff than it otherwise would have had it not used its allegedly false reference pricing scheme. If Plaintiff's breach of contract claim remained, then Plaintiff's unjust enrichment claim would be unavailable as a stand-alone claim. Here, however, under Astiana, Plaintiff may plead unjust enrichment as a quasi-contract claim even though it may be duplicative of other claims for relief sought elsewhere in the SAC. Accordingly, the Court DENIES Defendant's Motion for Partial Judgment on the Pleadings.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Seventh and Eighth causes of action, but DENIES Defendant's Motion for Partial Judgment on the Pleadings with respect to Plaintiff's claims for equitable relief.

**IT IS SO ORDERED.**