| | |
|---|---|
| 1 | **TYCKO & ZAVAREEI LLP** |
|   | Annick M. Persinger (State Bar No. 272996) |
| 2 | The Tower Building |
|   | 1970 Broadway, Suite 1070 |
| 3 | Oakland, CA  94612 |
|   | Telephone: (510) 254-6808 |
| 4 | Facsimile: (510) 210-0571 |
|   | E-Mail: apersinger@tzlegal.com |
| 5 | |
|   | **TYCKO & ZAVAREEI LLP** |
| 6 | Hassan A. Zavareei (State Bar No. 181547) |
|   | 1828 L Street, N.W., Suite 1000 |
| 7 | Washington, D.C. 20036 |
|   | Telephone: (202) 973-0900 |
| 8 | Facsimile: (202) 973-0950 |
|   | E-Mail: hzavareei@tzlegal.com |
| 9 | |
|   | *Counsel for Plaintiff* |
| 10 | *(Additional counsel listed on signature page)* |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY EVANS, individually and on behalf of all others similarly situated, | Case No. 2:16-cv-03791-JGB-SP |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON PLAINTIFF'S MOTION FOR DETERMINATION OF ENTITLEMENT TO FEES UNDER A CATALYST THEORY, OR IN THE ALTERNATIVE PLAINTIFF'S RENEWED MOTION** |
| v. | |
| DSW, INC., | |
| Defendant. | |
| | Date:  January 7, 2019 |
| | Time:   9:00 a.m. |
| | Courtroom: 1-Riverside |
| | Hon. Jesus G. Bernal |
| | PUBLIC VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL |

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST
THEORY OR IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 2:16-CV-03791-JGB-SP

# TABLE OF CONTENTS

**PAGE(S)**

I.   INTRODUCTION ..................................................................................................1

II.   ARGUMENT ........................................................................................................2

    B.   Ms. Evans Properly Cited Case Law Necessary to Frame the Facts..................................................................................................................4

    C.   DSW Does Not Refute that Arguments That Facts Were Overlooked ..........................................................................................................5

        1.   DSW's Arguments on the Merits Prong Are Incorrect ......................5

        2.   DSW Is Incorrect On the Substance of the Financial Burden Prong ........................................................................................7

        3.   The Settlements DSW Cites Should Not Guide the Court's Analysis..................................................................................9

        4.   The Public Interest Conferred Supports Finding for Ms. Evans on the Financial Burden Prong..........................................10

        5.   The Individual Stake of the Litigant Matters......................................11

III.   CONCLUSION ............................... **ERROR! BOOKMARK NOT DEFINED.**

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Aarons v. BMW of N. Am., LLC*,
  2014 WL 4090564 (C.D. Cal. Apr. 29, 2014) .................................................... 11

*Aventis Pharms S A v. Amphastar Pharm., Inc.*,
  2005 WL 5957795 (C.D. Cal. Mar. 25, 2005) ..................................................... 3

*Beasley v. Wells Fargo Bank*,
  1 Cal. Rptr. 2d 459 (Cal. Ct. App. 1991) .......................................... 7, 8, 9, 10, 11

*Bravo v. Gale Triangle, Inc.*,
  2017 WL 708766 (C.D. Cal. Feb. 16, 2017) ..................................................... 10

*Brown v. DirecTV, LLC*,
  2014 WL 12772076 (C.D. Cal. Dec. 11, 2014) ................................................ 2, 3

*Carpenters Sw. Admin. Corp.* v. *JT Builders, Inc.*,
  2014 WL 1660068 (C.D. Cal. Apr. 24, 2014) ..................................................... 5

*Cf. Hoffman v. Tonnemacher*,
  593 F.3d 908 (9th Cir. 2010) ............................................................................ 12

*Chowning v. Kohl's Dep't Stores, Inc.*,
  2016 WL 1072129 (C.D. Cal. Mar. 15, 2016) .................................................. 8, 9

*Colgan v. Leatherman Tool Group, Inc.*,
  38 Cal. Rptr. 3d 36 (Ct. App. 2006) .................................................................. 11

*Conservatorship of Whitley*,
  50 Cal. 4th 1206 (2010) ...................................................................................... 8

*Covenant Media of CA, L.L.C. v. City of Huntington Park, CA*,
  434 F. Supp. 2d 785 (C.D. Cal. 2006) .............................................................. 12

*Enodis Corp. v. Continental Casualty Co*,
  2012 WL 2159598 (C.D. Cal. June 11, 2012) .................................................... 3

*Enunwaonye v. Aurora Loan Servs. LLC*,
  2012 WL 952377 (C.D. Cal. Mar. 21, 2012) ...................................................... 3

*Espejo v. The Copley Press, Inc.*,
  221 Cal. Rptr. 3d 1 (Cal. Ct. App. 2017 ............................................................. 7

*Figueroa v. Gates*,
  2002 WL 31572968 (C.D. Cal. Nov. 15, 2002) ................................................ 12

*Fite v. Merrill Lynch & Co, Inc.*,
  2011 WL 13268051 (C.D. Cal. Jan. 5, 2011). ........................................................... 4

*Graham v. DaimlerChrystler Corp.*,
  34 Cal. 4th 553 (2004) ............................................................................................. 6

*Grandinetti v. Hyun,*
  2017 WL 239741 (D. Haw. Jan. 19, 2017) ............................................................ 12

*Henderson v. J.M. Smucker Co.*,
  2013 WL 12113446 (C.D. Cal. Nov. 20, 2013) ...................................................... 3

*Los Angeles Police Protective League v. City of Los Angeles, et al.*,
  232 Cal. Rptr. 697 (Cal. Ct. 1986) ..................................................................... 8, 11

*Lavie v. Procter & Gamble Co.*,
  129 Cal. Rptr. 2d 486 (Ct. App. 2003) .................................................................. 11

*Lyons v. Chinese Hosp. Assn.*,
  39 Cal. Rptr. 3d 550 (Cal. Ct. App. 2006) .............................................................. 7

*MacDonald v. Ford Motor Co.*,
  142 F. Supp. 3d 884 (N.D. Cal. 2015) .................................................................... 6

*McDaniel v. Reinalt-Thomas Corp.*,
  2014 WL 12639092 (C.D. Cal. Oct. 8, 2014) ....................................................... 12

*Opus Bank v. Axis Ins. Co.*,
  2015 WL 12670418 (C.D. Cal. Dec. 21, 2015) .................................................... 12

*Parkinson v. Hyundai Motor Am.*,
  796 F. Supp. 2d 1160 (C.D. Cal. 2010) ................................................................ 11

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*,
  318 F. Supp. 2d 968 (C.D. Cal. 2004) .................................................................... 2

*Rougvie v. Ascena Retail Group, Inc.*,
  2016 WL 4111320 (E.D. Pa. June 29, 2016) .......................................................... 9

*Smith v. T-Mobile USA, Inc.*,
  2007 WL 2385131 (C.D. Cal. Aug. 15, 2007) ........................................................ 2

*Spann v. J.C. Penney Corp.*,
  2015 WL 1526559 (C.D. Cal. Mar. 23, 2015 ......................................................... 9

*Spann v. J.C. Penney Corp.*,
  315 F.R.D. 312 (C.D. Cal. 2016) ............................................................................ 9

*Watson v. Palm Crest Apartments*,
  2009 WL 1971314 (C.D. Cal. July 6, 2009) ........................................................... 2

**Statutes**

MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR
IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 17-CV-01602-JVS-KES

iii

1
Cal. Civ. Code § 1021.5 ................................................................................................................. 7
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR
IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 17-CV-01602-JVS-KES

iv

## I. INTRODUCTION

Rather than address the substantive arguments that support the instant motion ("Motion"), Defendant DSW, Inc. ("DSW") spills a lot of ink arguing that reconsideration of the Court's order or renewal of Plaintiff Amy Evans' earlier motion ("Catalyst Motion") is procedurally improper. In so doing, DSW makes it clear that it would rather the Court not reconsider its Order and the record evidence overlooked. On both procedural arguments, DSW is wrong. As the Motion states, the Order was in Ms. Evans' favor except for the Court's conclusions that she did not meet her burden of showing: (1) the lawsuit had merit; and (2) the financial burden prong. Order at 14-17. Ms. Evans seeks reconsideration of both findings or, in the alternative, renews her motion with new evidence as to the second.

To avoid full examination of the factual record already before the Court, DSW argues first that reconsideration is improper under Local Rule 7-18, ignoring the Court's inherent power to reconsider its findings, and that the rule permits reconsideration where there was a "failure to consider material facts presented to the Court before such decision." L.R. 7-18(c). Such is the case as to the facts and arguments overlooked on the merits and financial burden prongs. Indeed, numerous courts in this District permitted reconsideration in similar circumstances—even where it was argued the movant sought reconsideration of arguments the Court overlooked.

DSW also argues that Ms. Evans may not renew any portion of her Catalyst Motion. But DSW provides no availing support for this argument. Moreover, the Order indicates that the Court would be inclined to consider additional evidence, especially with respect to the financial burden prong. Order at 16-17.

DSW's only real substantive argument is its baseless claim that the practice change that Ms. Evans forced DSW to implement did not benefit consumers. This argument is based on the inadmissible and unsupported conjecture of a DSW employee who posits that because of purported increased sales of private label products in 2018,

consumers must not care about the misleading "Compare At" language that Ms. Evans' lawsuit forced DSW to change. That argument is thin—to be generous. Public reporting shows DSW's overall sales increased for other unrelated reasons. The argument also incorrectly presumes the natural result of honest advertising is a sales decrease. That cynical view may have prompted DSW to try to deceive its consumers in the first place, but it is not a premise of any of Ms. Evans' arguments in support of her claims. In short, DSW fails to provide a reason why the Court should not grant reconsideration or grant a renewed motion, and thus the Court should grant Ms. Evans' requested relief.

## II. ARGUMENT

### A.    Ms. Evans Properly Seeks Reconsideration

DSW argues Ms. Evans' Motion violates Local Rule 7-18. But the Motion's primary premise is that the Court overlooked both material facts and findings in the Order itself and did not consider the relevance of those facts and findings to the merits and financial burden prongs. *See, generally* Mot. Accordingly, Ms. Evans' Motion is proper because she submits the Court "'failed to fully address a party's arguments on an issue that is important to a decision,'" and, as a result, the court "should grant a motion for reconsideration." *Brown v. DirecTV, LLC*, 2014 WL 12772076, at *2 (C.D. Cal. Dec. 11, 2014) (quoting *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 979 (C.D. Cal. 2004)). Indeed, courts in this District have routinely reconsidered arguments concerning material facts and arguments that were not previously addressed in a prior order.[1] In *Brown*, for example, the defendant sought reconsideration of the denial of a stay, arguing the Court overlooked arguments made in defendant's reply. Like DSW here, the plaintiff opposed reconsideration, arguing the defendant merely rehashed old arguments and failed to identify any overlooked material fact. *See* Dkt. 181, *Brown*, 2:13-

---

[1] *See, e.g., Pegasus*, 318 F. Supp. 2d at 979 (defendant "has demonstrated a manifest showing that the Court has failed to consider material facts . . . ." because the court "did not fully address" an issue); *Watson v. Palm Crest Apartments*, 2009 WL 1971314 at *2 (C.D. Cal. July 6, 2009) (granting reconsideration and noting that the court had "inadvertently overlooked" previously submitted evidence); *Smith v. T-Mobile USA, Inc.*, 2007 WL 2385131 at *5 (C.D. Cal. Aug. 15, 2007).

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 2:16-CV-03791-JGB-SP

2

cv-01170-DMG-E. The Court rejected that argument and granted reconsideration, acknowledging it overlooked the defendant's reply argument. *Brown*, 2014 WL 12772076, at *2. Similarly, in *Enodis Corp. v. Continental Casualty Co.*, the defendant, like DSW here, argued the plaintiff "has simply reiterated its failed arguments." 2012 WL 2159598 at *3 (C.D. Cal. June 11, 2012). But the Court concluded that it had, in fact, overlooked plaintiff's material facts and argument in granting summary judgment, and in turn, granted reconsideration and denied summary judgment. *Id.* The Court here should likewise reject DSW's argument and grant reconsideration in light of findings and material facts overlooked in the Court's Order that support a catalyst award.[2]

As to the merits prong, the Court did not consider specific material facts—even though some of those facts were considered by the Court in assessing other issues. Namely, the Court did not consider that (1) injunctive relief was among the primary relief she sought, (2) her injunctive relief claim was not frivolous, (3) she obtained that precise relief, (4) such relief benefited the public, and (5) there was evidence in the record—emphasized in the Catalyst Motion's Introduction—███████████████ ████████████████████████████████. Mot. at 6-9. As to the financial burden prong, Ms. Evans submits the Court should have considered that her monetary relief claim was not guaranteed at the time she made the critical decision to file her action and that she risked recovering nothing. *Id.* at 11-15.

The Court should reject DSW's argument that the Court's statement in the Procedural Background section that it "consider[ed] all papers" and listed every declaration and exhibit as proof positive that nothing was overlooked, and thus any reference by Ms. Evans to facts and arguments in her Catalyst Motion constitutes

---

[2] Nor do DSW's cases compel the denial of reconsideration. In *Aventis Pharms S A v. Amphastar Pharm., Inc.*, 2005 WL 5957795, at *2 (C.D. Cal. Mar. 25, 2005), the party seeking reconsideration, "merely repeat[ed] an argument it raised in its Opposition.". In *Enunwaonye v. Aurora Loan Servs. LLC*, 2012 WL 952377, *2 (C.D. Cal. Mar. 21, 2012), the Court concluded that plaintiff "merely rehashes arguments the Court has already considered.". Likewise, in *Henderson v. J.M. Smucker Co.*, 2013 WL 12113446, at *3 (C.D. Cal. Nov. 20, 2013), the defendant did not identify any fact the Court failed to consider.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

improper re-argument. Opp. at 10 (citing Order at 1-4). DSW "attach[es] entirely too much importance to this statement," because it erroneously "equate[s] the Court's brief acknowledgment [of the briefs and the supporting documents] … with an actual analysis of the legal significance of those facts [within those documents]." *Fite v. Merrill Lynch & Co, Inc.*, 2011 WL 13268051, at *2 (C.D. Cal. Jan. 5, 2011). Here, the Court did not analyze the significance of certain material facts and arguments regarding the merits and financial burden prongs and thus, the Motion is "procedurally sound." *See id.*

Even if the Court credited DSW's argument, "[a] district court . . . has inherent discretionary power to revisit previously issued orders and to reopen any part of a case still pending before the court." *Id.* Thus, for many reasons, the Motion is proper.

### B.     Ms. Evans Properly Cited Case Law Necessary to Frame the Facts

DSW protests both Ms. Evans' inclusion of new cases, and her inclusion of cases already cited in her Catalyst Motion. *See, generally*, Opp. Certainly, the reconsideration rule does not prohibit citation to case law, and the Motion's legal analysis is necessary to show why the Court overlooked material facts. In other words, DSW misunderstands that case citations are necessary to frame the facts overlooked.

As to the merits prong, for example, Ms. Evans argues that the Court should have considered the fact that she obtained the precise legal/factual condition sought, that the change catalyzed benefited the public, and the primacy of this relief. Mot. at 6-9; *see also* Order at 9-12. To the extent Ms. Evans cited to new case law, it was only to show that courts routinely consider this sort of evidence in assessing the merits prong, and thus the Court's error in overlooking this evidence demonstrates "a manifest showing of a failure to consider material facts." L.R. 7-18(c).

It is likewise appropriate for Ms. Evans to discuss case law in seeking reconsideration of the financial burden ruling. That is, Ms. Evans cites case law to demonstrate the Court overlooked the possibility she would not succeed on any of her claims. Thus, Ms. Evans argues the Court should have applied a reduction to the

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 2:16-CV-03791-JGB-SP

estimated value attributed to the difficulty in pursuing monetary relief in this case. Mot. at 11-15. The difficulty of the case is a question of fact. To show why difficulty matters to the Court's analysis, Ms. Evans cites cases addressing the applicable substantial margin standard for weighing the financial burden against the financial incentives, and that the mere fact that she also seeks monetary relief is not determinative of the inquiry.

Similarly, Ms. Evans cites case law to support a finding that the financial burden prong is met where a plaintiff's lawsuit confers a public benefit—even where the financial burden does not substantially outweigh the value of the case. This case law supports Ms. Evans' argument that the Court overlooked the significance of the public benefit that the Court found in its Order. *Id.* at 16-18 (quoting Order at 15-16). In other words, to demonstrate that the public interest conferred is a fact material to the financial burden inquiry, it was necessary to provide supporting case law to prove that there was "a manifest showing of a failure to consider material facts." L.R. 7-18(c).

### C. DSW Does Not Refute that Arguments That Facts Were Overlooked

*1. DSW's Arguments on the Merits Prong Are Incorrect*

In response to Ms. Evans' argument that the Court did not consider evidence proving the merit of Ms. Evans' lawsuit—like evidence that she obtained the primary relief she sought and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—DSW contends Ms. Evans "primarily" argued that she survived dispositive motions. Opp. at 11. But DSW's characterization of one part of Ms. Evans' argument as "primary" is irrelevant to whether the Court overlooked material facts—some of which were emphasized as early as the Introduction of Ms. Evans' Catalyst Motion—as well as in other parts of her opening brief. Catalyst Motion at 2-3, 10, 19-20. Even if her success on DSW's dispositive motions was her primary argument, the fact that Ms. Evans now "draw[s] the Court's attention" to material facts is sufficient to warrant reconsideration. *Carpenters Sw. Admin. Corp.* v. *JT Builders, Inc.*, No. CV 13-5946 RSWL RSX, 2014 WL 1660068, at *1 (C.D. Cal. Apr. 24, 2014) (finding that "though

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 2:16-cv-03791-JGB-SP

5

Plaintiffs failed to draw the Court's attention" to a material fact in their original motion, the fact that "Plaintiffs have now drawn the Court's attention" to the material facts suffices to show that "the Court did fail to consider material facts presented to the Court before rendering its decision." (citation and internal quotation marks omitted)).

Second, DSW argues that the evidence overlooked by the Court is, in any event, insufficient to show merit. Specifically, Ms. Evans contends the Court overlooked evidence that she succeeded in obtaining "the precise factual/legal condition" she sought. DSW argues, without any authority, that this evidence is insufficient to show merit. Opp. at 13. But it is well-settled that, to show merit, the party can demonstrate that she obtained "the precise factual/legal condition that [she] sought to change or effect." *Graham v. DaimlerChrystler Corp.*, 34 Cal. 4th 553, 576 (2004; *MacDonald v. Ford Motor Co.*, 142 F. Supp. 3d 884, 894 (N.D. Cal. 2015) (finding a lawsuit had merit where plaintiffs "sufficiently established 'the precise factual/legal condition' that they sought to change"). In fact, the Court found in another part of its Order that Ms. Evans secured the precise factual/legal condition she sought. Order at 9-19. But the Court overlooked this evidence (and its own finding) when it concluded Ms. Evans did not demonstrate her lawsuit had merit. Mot. at 6-9. Additionally, Ms. Evans contends that the Court overlooked evidence that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓. *Id.* at 9-11. DSW discounts the materiality of this evidence and adds additional evidence to the record in an attempt to further undermine it.[3] But DSW's characterization of the evidence does not detract from the fact that the Court overlooked evidence compelling the conclusion that the suit had merit.

Moreover, an inconsistency in the Court's ruling pertaining to the merits prong warrants reconsideration. Specifically, the Court found that Ms. Evans' lawsuit is not frivolous. Order at 12 ("The Court finds Plaintiff's lawsuit, at least as it relates to

---

[3] Specifically, DSW relies on employee Julie Roy's Declaration to argue that "Compare At" pricing "did not dupe people into buying shoes." Ms. Evans objects to a portion of this declaration. *See Plaintiff's Objections to Defendant's Evidence Filed in Opposition to Motion for Reconsideration or in the Alternative Plaintiff's Renewed Motion* filed contemporaneously.

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 2:16-cv-03791-JGB-SP

6

injunctive relief, is not frivolous"). It also correctly held that if the lawsuit is not frivolous then the case has merit. *Id.* ("the question is not whether Plaintiff would succeed, but whether the lawsuit was frivolous"). Ms. Evans argues these two statements conflict with the Court's later determination that her case did not have merit. DSW cannot explain why it is improper for the Court to resolve this apparent inconsistency via reconsideration. Indeed, even though this inconsistency is central to the Motion, DSW ignores it entirely, tacitly acknowledging Ms. Evans' point is correct.

Finally, DSW contends that because Ms. Evans' financial burden argument noted that the lawsuit had a low chance of success, her suit lacked merit. Opp. at 14. But DSW confuses the financial burden analysis with respect to her failed monetary relief claim with the merit of her injunctive relief claim. In other words, DSW's argument conflates monetary and injunctive relief, and its out-of-context quotes are relevant only to the former. *See id.* at 12. While injunctive relief was not a sure thing, the likelihood of success was significantly better than obtaining monetary relief given rulings made in similar cases. Mot. at 13. Indeed, the Court noted this distinction in its Order: "The Court finds Plaintiff's lawsuit, *at least as it relates to injunctive relief*, is not frivolous." Order at 12 (emphasis added). DSW's concession—"DSW agrees that this case had a very low chance of success" (Opp. at 14)—is, however important for the financial burden prong.

*2. DSW Is Incorrect On the Substance of the Financial Burden Prong*

DSW ignores the standard for weighing financial burden, which is that attorneys' fees under § 1021.5 are proper *unless* "the plaintiff's reasonably expected financial benefits *exceed by a substantial margin* the plaintiff's actual litigation costs." *Espejo v. The Copley Press, Inc.*, 221 Cal. Rptr. 3d 1, 45 (Cal. Ct. App. 2017 (emphasis added); *see also*, *e.g.*, *Lyons v. Chinese Hosp. Assn.*, 39 Cal. Rptr. 3d 550, 567 (Cal. Ct. App. 2006) (same). While there is no exact metric defining "substantial margin," Ms. Evans relies on a California appellate court's ruling that a roughly two to one ratio of estimated value to litigation costs was a "close issue." *Beasley v. Wells Fargo Bank*, 1 Cal. Rptr. 2d 459, 464

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 2:16-CV-03791-JGB-SP

7

(Cal. Ct. App. 1991). Hence, the calculation that Ms. Evans provides shows the required financial burden. DSW wholly ignores the substantial margin standard and the *Beasley* court's interpretation thereof in arguing that the facts do not show that that the financial burden outweighed the financial incentive. Opp. at 20. This fundamental mistake as to the legal standard is fatal to DSW's argument regarding the financial burden prong.

Indeed, in 2010, the California Supreme Court approved the method that Ms. Evans utilized in her Motion to calculate financial incentive, and the value of the case. *See Conservatorship of Whitley*, 50 Cal. 4th 1206, 1215 (2010) (discussing discount method articulated in *Los Angeles Police Protective League v. City of Los Angeles, et al.*, 232 Cal. Rptr. 697 (Cal. Ct. 1986)); Mot. at 13 (same). If, as DSW contends, there was low chance of succeeding on the monetary claims, Opp. at 14, the utilization of a discounting factor of three, like the California Supreme Court suggested, is appropriate, and in fact modest. Further, as explained in Ms. Evans' Motion, the *Beasley* court, after all, divided by two just because it was a complex case against well-funded opposition. 1 Cal. Rptr. 2d at 464. Here, not only is the case also complex with a well-funded opposition, there was real risk that the damages model would not succeed due to a Central District decision issued shortly before the case was filed and ultimately affirmed by the Ninth Circuit during this lawsuit. *Chowning v. Kohl's Dep't Stores, Inc.*, 2016 WL 1072129 at *13 (C.D. Cal. Mar. 15, 2016), *aff'd*, 733 F. App'x 404 (9th Cir. 2018). DSW ignores this fact.

Additionally, *Beasley* held a reduction for likelihood of success was warranted for a complex case such as this one where the defendant has a financial resource advantage. Mot. at 14 (citing *Beasley*, 1 Cal. Rptr. 2d at 464). Ms. Evans' counsel's willingness to pursue this case on a contingent fee basis does not mean the parties' financial resources were remotely evenly matched. While DSW tries to distract the Court with unwarranted statements regarding Ms. Evans' counsel, DSW is a publicly traded company with 501

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 2:16-CV-03791-JGB-SP

8

stores and $2.7 billion in sales in 2016 alone.[4] *Beasley* does not require a plaintiff or her counsel to be impoverished, only that the financial resources were limited "as compared with the virtually unlimited resources available to" defendant. *Id.* The same is true here.

Notably, DSW purposefully avoids estimating what a more accurate reduction factor would be, likely because, in DSW's view, the chance of success on monetary relief was less than one-third. Instead, DSW wrongly implies that Ms. Evans had a slam dunk chance of settling for $50 million, but that was never the case given DSW's defenses.

Finally, DSW draws a meaningless distinction to cases where the reduction was applied post-judgment. Opp. at 18. None of the cases even hint that the likelihood of success should only be analyzed in the context of post-judgment catalyst fee motions.

*3. The Settlements DSW Cites Should Not Guide the Court's Analysis*

Considering DSW's clear concession that Ms. Evans' argument that she had a low probability of winning monetary relief is factually correct, Opp. at 14, DSW's citation to settlements reached in other cases is unavailing and readily distinguishable. The settled cases DSW cites—*Spann v. J.C. Penney Corp.*, 315 F.R.D. 312 (C.D. Cal. 2016), and *Rougvie v. Ascena Retail Group, Inc.*, 2016 WL 4111320 (E.D. Pa. June 29, 2016)—were settled prior to this Court's decision in *Chowning.* 2016 WL 1072129 at *13, *aff'd*, 733 F. App'x 404 (9th Cir. 2018). *Chowning* changed the landscape because the Court rejected three proposed class-wide restitution models under the UCL, FAL, and CLRA as to Kohl's reference pricing. *See Chowning*, 2016 WL 1072129 at *7-9 (considering and rejecting the restitution models proposed and accepted at the summary judgment stage in *Spann v. J.C. Penney Corp.*, 2015 WL 1526559 (C.D. Cal. Mar. 23, 2015)). In contrast, Ms. Evans filed suit after *Chowning*, making the *Spann* and *Rougvie* settlements poor gauges of the value of this case.[5] Thus, Ms. Evans and her counsel

---

[4] Form 10-K, DSW, *available at* https://www.sec.gov/Archives/edgar/data/1319947/000131994717000012/dsw10-k20170128.htm (last visited Dec. 24, 2018).

[5] Importantly, should the Court conclude Ms. Evans is entitled to a catalyst award, Ms. Evans' counsel would not seek their full lodestar plus expenses. Rather, they will only seek fees and expenses tethered to the significant time spent obtaining the pricing

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 2:16-CV-03791-JGB-SP

9

would only pursue this litigation if a fee award was obtainable, because, just as in *Beasley*, this is the "kind of consumer class action [that] would not be pursued by counsel but for the expectation of receiving enhanced fee awards in successful cases." 1 Cal. Rptr. 2d at 459, 464.

Finally, it is immaterial if, as DSW asserts, Ms. Evans hoped for an incentive award because "[g]enerally, in the Ninth Circuit, a $5,000 incentive award is presumed reasonable." *Bravo v. Gale Triangle, Inc.*, 2017 WL 708766, at *19 (C.D. Cal. Feb. 16, 2017). A $5,000 award is roughly 1/20th of the lodestar and comparatively insignificant.

### 4. The Public Interest Conferred Supports Finding for Ms. Evans on the Financial Burden Prong

DSW has no valid argument to oppose Ms. Evans' argument that the Court's finding that her lawsuit conferred a substantial benefit to the public, Order at 15-16, must be weighed in determining the financial burden prong. Instead of arguing why that finding does not matter—because the cases establish without cavil that it does—DSW asks the Court to reconsider its finding elsewhere in its Order that the change was in the public interest. Opp. at 21-23. DSW disguises its argument by falsely claiming the Court only found the change was "not 'miniscule' and it would confer a public benefit." *Id.* at 15. But the Court went much further, holding not just that it "cannot characterize the change in advertising as miniscule" but that "the case resulted in an enforcement of an important right affecting the public interest." Order at 15. Ms. Evans merely asks the Court to apply these findings to the financial burden prong, which is fitting under applicable law.

Doubling the irony, DSW not only seeks to relitigate previous findings, but also to insert new evidence regarding its 2018 sales into the record. Opp. at 5-7. The new evidence is immaterial, unreliable, and inadmissible. *See Plaintiff's Objections*. There are

---

practice changes that benefited the public and moving for catalyst theory fees and costs. Thus, DSW's attacks on Ms. Evans' counsel's lodestar miss the point—that the costs of this litigation were high to Ms. Evans.

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 2:16-CV-03791-JGB-SP

10

innumerable explanations for DSW's sales in 2018, including an increase in DSW's market share.[6] Customers may also have more trust in DSW's prices, given its newfound pricing transparency that resulted from this lawsuit. In short, DSW has provided no evidence of a causal link between the sales figures and its argument.

Further, the legal support for DSW's argument is a thinly-veiled attempt to distinguish case law on public interest, including the two cases, *Los Angeles Police Protective League*, 188 Cal. App. 3d at 13, and *Beasley*, 1 Cal. Rptr. 2d at 459, 464, that address fees instead of advertised discounts. Opp. at 21-22. DSW lacks any support for the proposition that a fees case is materially different from a deceptive advertising case. The "enforcement of the California consumer protection laws" qualifies as "an important right affecting the public interest." *Colgan v. Leatherman Tool Group, Inc.*, 38 Cal. Rptr. 3d 36 (Ct. App. 2006) (citing *Lavie v. Procter & Gamble Co.*, 129 Cal. Rptr. 2d 486 (Ct. App. 2003) (noting that evaluating whether an advertisement is deceptive under the UCL "has important public policy implications for California consumers and businesses").

### 5. *The Individual Stake of the Litigant Matters*

Ms. Evans provided authority, both in the class context and otherwise, proving that an individual plaintiff's stake in damages matters. Mot. at 19-21. DSW attempts to distinguish *Aarons v. BMW of N. Am., LLC*, 2014 WL 4090564 (C.D. Cal. Apr. 29, 2014), and *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160 (C.D. Cal. 2010), arose in a class settlement context. DSW does not explain why the settlement distinction matters. Ms. Evans cannot discern any reason why it should. In both cases, the Court considered the individual's stake just as the Court should do here.

### D.    **Ms. Evans Properly Seeks to Supplement Record**

DSW tries in vain to argue that Ms. Evans' supplement to the record on the financial burden prong and her alternative renewed motion are improper. But DSW fails

---

[6] *See* DSW Quarter 3 Earnings Call Transcript, Seeking Alpha, *available at* https://seekingalpha.com/article/4227734-dsw-inc-dsw-ceo-roger-rawlins-q3-2018-results-earnings-call-transcript?part=single ("The acquisitions we made over the past 6 months have added more market share than . . . we made over the past 6 years.")

to point to any part of the Court's Order or any authority that supports its argument. In fact, the Court, in finding that "on the *present* record" it could not find that Ms. Evans satisfy the financial burden prong, specifically cited to *Covenant Media of CA, L.L.C. v. City of Huntington Park, CA*, 434 F. Supp. 2d 785 (C.D. Cal. 2006), where the court gave the plaintiff the opportunity to supplement its briefing. Order at 17 (emphasis added). Further, nowhere in its Order does the Court indicate it denied Ms. Evans' Catalyst Motion with prejudice. Moreover, the Ninth Circuit permits successive motions that include an expanded factual record. *Cf. Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (holding that "successive motion for summary judgment is particularly appropriate on an expanded factual record [with the addition of a new expert report].""). Thus, supplementing the record and renewing the motion here are proper.

None of DSW's cited cases support its argument either. In *Figueroa v. Gates*, the court denied defendants' renewed motion for summary judgment because it was filed after the court-ordered motion cut-off date. 2002 WL 31572968, at *3 (C.D. Cal. Nov. 15, 2002). Not only is there no such motion cut-off date here, the Court's order is interlocutory and implies that the Court would permit supplementation or renewal. And, with *Grandinetti v. Hyun*, DSW cannot point to any indication in that case that, like here, the court would not entertain a renewed motion. 2017 WL 239741, at *1 (D. Haw. Jan. 19, 2017). Finally, the fact that the courts in *McDaniel v. Reinalt-Thomas Corp.*, 2014 WL 12639092 (C.D. Cal. Oct. 8, 2014), and *Opus Bank v. Axis Ins. Co.*, 2015 WL 12670418 (C.D. Cal. Dec. 21, 2015), granted leave to renew does not, in turn, mean in all circumstances, parties cannot renew a motion for catalyst theory attorney's fees without explicit permission stated in the order denying that relief. Tellingly, DSW's only cite that squares with its argument is a secondary source, which itself, relies entirely on state court cases, primarily from New York. *See* 60 C.J.S. Motions and Orders § 47. Considering its overly strident statement that Ms. Evans' Motion is "improper," Opp. at 25, DSW should have at least had a binding authority to back up its argument.

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 2:16-CV-03791-JGB-SP

12

Dated: December 24, 2018

Respectfully submitted,

By:      */s/ Annick M. Persinger*
          Annick M. Persinger

**TYCKO & ZAVAREEI LLP**
Annick M. Persinger (State Bar No. 272996)
The Tower Building
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Facsimile: (510) 210-0571
Email: apersinger@tzlegal.com

**TYCKO & ZAVAREEI LLP**
Hassan A. Zavareei (State Bar No. 181547)
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
E-Mail: hzavareei@tzlegal.com

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
Jeffrey M. Ostrow
ostrow@kolawyers.com
One West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300

*Counsel for Plaintiff*

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION UNDER CATALYST THEORY OR IN THE ALTERNATIVE RENEWED MOTION UNDER CATALYST THEORY
CASE NO. 2:16-CV-03791-JGB-SP

13