STEPTOE & JOHNSON LLP
STEPHANIE SHERIDAN, State Bar No. 135910
ssheridan@steptoe.com
ANTHONY ANSCOMBE, State Bar No. 135883
aanscombe@steptoe.com
MEEGAN B. BROOKS, State Bar No. 298570
mbrooks@steptoe.com
1 Market Street, Steuart Tower, Suite 1800
San Francisco, CA 94105
Telephone: 415.365.6700
Facsimile: 415.365.6699

Attorneys for Defendant
DSW INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY EVANS, individually on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>DSW INC., an Ohio corporation, and DOES 1 through 100 inclusive,<br><br>Defendant. | CASE NO. 2:16-cv-03791-JGB-SP<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS**<br><br>Judge:   Jesus G. Bernal<br>Date:    January 7, 2019<br>Time:   9:00 a.m.<br>Ctrm:   1 - Riverside |

Defendant DSW Inc. ("DSW") requests that this Court overrule Plaintiff's "Objections to Defendant's Evidence Filed in Opposition to Motion for Reconsideration or in the Alternative Plaintiff's Renewed Motion" ("Objections," Dkt. 118-1).

## I. The Change from "Compare At" to "Comp. Value" Has Not Negatively Affected DSW's Sales

Plaintiff does not object to Paragraph 3 of Julie Roy's Declaration, which states that "DSW's sales records show that DSW's sales for private label items were higher in 2018 than they have ever been." Roy Decl. ¶ 3. This paragraph, standing alone, provides ample foundation to support an inference that DSW's change from "Compare At" to "Comp. Value" has not negatively impacted sales.

Plaintiff only takes issue with Paragraph 4, in which Roy, speaking both as DSW's 30(b)(6) designee and as DSW's Vice President of Customer Relationship Management, Digital, and Analytics, gives her opinion regarding the impact of DSW's change in price phraseology:

> 4. Based on these sales records, and my professional experience and understanding of our customer demographic and characteristics, I do not believe that the switch in terminology for DSW's reference prices has had any discernible negative impact on DSW's sales. Overall, it remains my belief that our prior use of "Compare At" did not deceive customers, or cause them to buy private label items that they would not otherwise have purchased, or pay prices that they otherwise would not have paid.

This paragraph is very similar to Roy's Declaration in Opposition to Plaintiff's Original Motion, to which Plaintiff has never objected. Dkt. 92-2, ¶ 3.[1] Roy also testified extensively at deposition to her opinion that DSW customers do not care about

---

[1] That paragraph states: "I do not believe that the switch in terminology for DSW's reference prices has had any discernible impact on DSW's sales. . . . Overall, it is my belief that our sales since the beginning of the year do not appear to have experienced any changes that would be inconsistent with historical observations, or not otherwise explainable by these 'macro' factors. I have heard no-one within DSW suggest that the change to 'Comp. Value' has impacted sales or customer experience in any way."

"Compare At" pricing.  *See, e.g.* Dkt. 92-7 at 161:15-20, 152:10-19.  DSW cited that testimony in Opposition to Plaintiff's Original Motion, and Plaintiff did not object. *See* Dkt. 92 at 6-7.

Roy's professional background, training, and knowledge of DSW amply qualify her to offer an opinion that DSW's change of phraseology has not had any negative impact on sales, as might have been expected if DSW had really been fooling customers with the phrase "Compare At."

## II. Julie Roy's Declaration is Admissible

### a. Roy's Declaration is Not Hearsay

Plaintiff argues that "Roy's statements constitute inadmissible hearsay because they are offered for the truth of the matter asserted and do not fall under any hearsay exception." Objections at 1.  She offers no further argument in support of this hearsay objection.

Paragraph 4 of the Roy Declaration does not identify any statement that Roy has made except within the context of testifying in support of DSW's Opposition to Plaintiff's Motion for Reconsideration.  If Plaintiff argues that the court should not consider testimony submitted in the form of a declaration, the Federal Rules and Plaintiff's own submission of declarations suggest otherwise.  *See, e.g.* FRCP 56(c)(1)(A) ("affidavits or declarations" are appropriate ways to set forth facts in support of or against summary judgment); see also Section III, *infra*.

Plaintiff does not argue that Roy cannot base her opinion in part on DSW's sales records.  DSW's sales records are business records exempt from the hearsay rules, and are also the types of matters on which she could properly rely under FRE 701, 702 and 703.  FRE 803(6)(b); *see also* Roy Decl. ¶ 2 ("To the extent this declaration is based upon my review of the business records of DSW, those records are kept in the regular course of business...")

### b. Roy May Testify to Information in DSW's Knowledge

Roy's statements cannot be hearsay both because she is DSW's corporate designee, and because she has an adequate foundation to testify based on her own personal knowledge.

Where a 30(b)(6) deponent testifies as to information within the company's knowledge, her testimony—whether made during deposition or in a declaration—is not hearsay. *See Cooper v. United Air Lines, Inc.*, 82 F. Supp. 3d 1084, 1096 (N.D. Cal. 2015), appeal docketed 15-15623 (Apr. 1, 2015 9th Cir.) (overruling the plaintiff's hearsay, best evidence, and lack of foundation objections to a declaration filed in support of summary judgment because "the [30(b)(6) declarant] is not required to have personal knowledge.") (citing *Harris v. Vector Mktg. Corp.,* 656 F.Supp.2d 1128, 1132 (N.D.Cal.2009); *Weinstein v. District of Columbia Housing Auth.,* 931 F.Supp.2d 178, 186 (D.D.C.2013) (court considered declaration on motion for summary judgment, although not based on personal knowledge, because declarant was a Rule 30(b)(6) designee)); *see also* DSW's Response to Evidentiary Objections, Dkt. 103 at 4-7 (citing additional cases); 11-56 Moore's Fed. Prac., Civ. § 56.14[l][c] ("a Rule 30(b)(6) witness need not have personal knowledge of the facts to which he or she testifies.").

In denying Plaintiff's motion for a catalyst determination, this Court held that Roy's deposition testimony was not hearsay for this very reason. Order, Dkt. 111 at *8 fn.2 ("Roy testified as a Rule 30(b)(6) witness and thus, was not required to have personal knowledge of the facts to which she testified") (citing *Cooper*, 82 F. Supp. 3d at 1096). The Court should reach the same outcome with respect to Roy's declaration.

And even if she were not a corporate designee, Roy's declaration indicates that her professional experience qualifies her to express the opinions set forth in her declaration. *See, e.g.*, *Cooper*, 82 F. Supp. 3d at 1086. Roy is DSW's Vice President of Customer Relationship Management, Digital, and Analytics, and has been with the company for more than a decade, playing a key role in the company's direct-to-customer marketing practices. *Id.* ¶ 1. Her job duties require that she stay informed

about DSW's sales trends, financial performance, and sales strategies. *Id*. Additionally, she has participated in the marketing department's debates as to "Compare At" for the last "nine-plus years." Roy Deposition, Dkt. 91-2 at 128:12-13.

Based on this background, Roy has personal qualifications and a foundation on which to opine that the change to "Comp. Value" did not hurt sales, and that "Compare At" did not deceive customers. Roy Decl. ¶ 4 ("Based on these sales records, and my professional experience and understanding of our customer demographics and characteristics…"); *see also* FRE 701 (allowing for opinion testimony from lay witness that is rationally based on the witness's perception and helpful to clearly understanding the witness's testimony or to determining a fact in issue); *San Diego Unified Port Dist. v. Natl. Union Fire Ins. Co. of Pittsburgh, PA*, 15CV1401 BEN (MDD), 2018 WL 4680005, at *8 (S.D. Cal. Sept. 28, 2018) ("Mr. Beal's statements … are not improper opinion testimony either as he is obviously qualified."); FRE 702 (an expert may rely on the type of materials on which such experts reasonably rely).

### III. At this Stage, the Court need not Require Evidence in an Admissible Format

Plaintiff's motion for reconsideration does not oblige DSW to prove its case as it would at trial. Rather, Plaintiff has only asked (improperly) that the Court reconsider its previous evaluation of the criteria in CCP §1021.5.

Plaintiff's CCP § 1021.5 motion is analogous to a motion for summary judgment or class certification—neither of which requires strict adherence to the Federal Rules of Civil Procedure or the Federal Rules of Evidence. *See, e.g. Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986) (to survive summary judgment, a party does not have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of FRCP 56); FRCP 56(c)(2); *Gonzalez v. Millard Mall Services, Inc.*, 281 F.R.D. 455, 459 (S.D. Cal 2012) (because a motion for class certification is a "preliminary procedure," "strict adherence to the Federal Rules of Civil Procedure or the Federal Rules of Evidence" is not required) (citing, inter alia,

*Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974)); *Sali v. Corona Regl. Med. Ctr.*, 909 F.3d 996 (9th Cir. 2018) (district court abused its discretion by declining to consider declaration solely on basis of inadmissibility).

The Court need not insist on evidence that strictly meets with the evidentiary standards provided that, if the case goes to trial, DSW will be able to present the evidence in an admissible form. *See, e.g. Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir.2003) (considering the hearsay contents of a diary whose substance would have been admissible in another form at trial); *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) (accord); *Ortega v. San Diego Police Dept.*, 13CV87-LAB JMA, 2014 WL 6388488, at *3 n.4 (S.D. Cal. Nov. 14, 2014), *aff'd,* 669 Fed. Appx. 922 (9th Cir. 2016) ("Plaintiffs can presumably present the declarants' testimony in an admissible form at trial, for instance by calling them as witnesses, so their potential hearsay status does not limit their helpfulness at the summary judgment stage.").

This case is very unlikely to go to trial, but if it did, Julie Roy would testify as to her qualifications and her reasons for believing that "Compare At" did not impact customers. DSW would also be free to call other personnel with personal knowledge of the underlying facts, and would also seek to introduce expert testimony on these issues. Therefore, even if some portion of Roy's declaration did not conform to evidentiary standards applicable at trial, that fact does not preclude consideration of the declaration in the context of this motion.

**IV.  Conclusion**

For the reasons stated herein, DSW respectfully requests that the Court overrule all of Plaintiff's evidentiary objections.

Dated: December 31, 2018        STEPTOE & JOHNSON LLP

By:    /s/ *Stephanie Sheridan*
STEPHANIE A. SHERIDAN
Attorneys for Defendant, DSW Inc.