UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-03791 JGB (SPx)** | Date | January 2, 2019 |
|---|---|---|---|
| Title | ***Amy Evans v. DSW, Inc.*** | | |

Present: The Honorable      JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:      **Order (1) GRANTING Plaintiff's Applications to File Under Seal (Dkt.
Nos. 112, 116); (2) DENYING Plaintiff's Motion for Reconsideration of
Determination Regarding Entitlement to Fees (Dkt. No. 114); and (3)
VACATING the January 7, 2019 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Amy Evans's Motion for Reconsideration of the Court's
Order on Plaintiff's Motion for Determination of Entitlement to Fees Under a Catalyst Theory.
("Motion," Dkt. No. 114-3.)  The Court finds this matter appropriate for resolution without a
hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering all papers filed in support of, and in
opposition to, the Motion, the Court DENIES Plaintiff's Motion and VACATES the January 7,
2019 hearing.


# I.   PROCEDURAL BACKGROUND

On May 31, 2016, Plaintiff filed her complaint.  ("Complaint," Dkt. No. 1.)  On July 11,
2016, Plaintiff filed a first amended complaint.  ("FAC," Dkt. No. 13.)  On August 1, 2016,
Defendant DSW, Inc. ("Defendant" or "DSW") filed a motion to dismiss Plaintiff's FAC.
(Dkt. No. 14.)  On February 2, 2017, the Court denied Defendant's motion to dismiss.  (Dkt. No.
38.)  Plaintiff then filed a second amended complaint on June 20, 2017 (Dkt. No. 54) and a
corrected second amended complaint on July 3, 2017 ("SAC," Dkt. No. 55).  In her SAC,
Plaintiff alleged eight causes of action on behalf of herself and all others similarly situated:
(1) violation of the "unfair" prong of California's Unfair Competition Law ("UCL");
(2) violation of the "fraudulent" prong of the UCL; (3) violation of the "unlawful" prong of the

---

UCL; (4) violation of the California False Advertising Law, California Business & Professions Code §§ 17500, et seq.; (5) violation of the Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, et seq.; (6) unjust enrichment; (7) breach of express warranty; and (8) breach of contract.  (SAC.)  Defendant moved to dismiss the SAC on July 19, 2017.  (Dkt. No. 58.)  On September 14, 2017, the Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's SAC.  (Dkt. No. 71.)

Defendant removed the "Compare At" terminology on the label, at issue in Plaintiff's complaints, and replaced it with "Comp. Value."  ("Catalyst Motion," Dkt. No. 89-3 at 3.)  On April 10, 2018, Plaintiff filed her Catalyst Motion.  Plaintiff attached two declarations and many exhibits to Catalyst Motion.  Some of the exhibits include:

- Exhibit 9: DSW internal email chain from May 2016 ("Exhibit 9," Dkt. No. 89-1);
- Exhibit 10: DSW internal email dated March 3, 2017 re: consumer research ("Exhibit 10," Dkt. No. 89-1);
- Exhibit 20: A DSW internal email chain containing a business update from November 27, 2017 ("Exhibit 20," Dkt. No. 89-1).

On May 8, 2018, Defendant opposed the Catalyst Motion.  ("Catalyst Opposition," Dkt. No. 92.)  Plaintiffs replied on May 30, 2018.  ("Catalyst Reply," Dkt. No. 99.)  Defendant filed an ex parte application for leave to file a surreply.  ("Application Re: Surreply," Dkt. No. 100.)  On June 5, 2018, the Court granted Defendant's Application Re: Surreply.  (Dkt. No. 104.)  The next day, Defendant filed its Surreply.  ("Surreply," Dkt. No. 105.)  On June 20, 2018, Defendant filed a notice of supplemental authority (Dkt. No. 107), and attached a copy of Chowning v. Kohl's Dep't Stores, Inc., 735 Fed. App'x 924 (9th Cir. 2018), to support its argument that Plaintiff's claim lacks merit (Dkt. No. 107-1).  On July 2, 2018, Plaintiff filed a joint status report to inform the Court of the Ninth Circuit's ruling in Chowning.  (Dkt. No. 108 at 2.)  The parties requested their case remain stayed pending a ruling on Plaintiff's Motion.  (Id.)  On August 17, 2018, the Court denied Plaintiff's Catalyst Motion, holding that she failed to show (1) that her action had merit and (2) that the financial burden of pursuing her claims did not substantially exceed her litigation costs.  ("August Order," Dkt. No. 111 at 10-13, 16-17.)

On November 30, 2018, Plaintiff filed an application for leave to file documents under seal in support of this Motion.  ("Application," Dkt. No. 112.)  Plaintiff also filed a sealed declaration in support of the Application.  (Dkt. No. 113.)  That same day, Plaintiff filed this Motion, requesting that the Court reconsider its August Order denying the Catalyst Motion.  In the alternative, Plaintiff requests the Court to consider this Motion a renewed catalyst motion because it used the phrase "on the present record" in the August Order. (Mot. at 2.)  Plaintiff attached the following documents to her Motion:

- Declaration of Annick M. Persinger ("Persinger Decl.," Dkt. No. 114-1) and accompanying exhibits:

- o Exhibit A: total numbers of hours of work performed, as well as Tycko & Zavareei's ("TZ") adjusted Laffey rates, and total lodestar
  - o Exhibit B: itemization of TZ's expenses
- Declaration of Jeffrey M. Ostrow ("Ostrow Decl.," Dkt. No. 1147-2) and accompanying exhibits:
  - o Exhibit A: total numbers of hours of work performed, as well as Kopelowitz Ostrow Ferguson Wiselberg Gilbert's ("KO") adjusted Laffey rates, and total lodestar
  - o Exhibit B: itemization of KO's expenses.

On December 17, 2018, Defendant filed an opposition. ("Opposition," Dkt. No. 115.) Defendant attached the following documents to its Opposition:

- Declaration of Meegan Brooks ("Brooks Decl.," Dkt. No. 115-1)
  - o Exhibit A ("Exhibit A to Brooks Decl.," Dkt. No. 115-2)
  - o Exhibit B ("Exhibit B to Brooks Decl.," Dkt. No. 115-3)
- Declaration of Julie Roy ("Roy Decl.," Dkt. No. 115-4).

On December 24, 2018, Plaintiff filed an additional application for leave to file documents under seal in order to redact portions of her reply. ("Second Application," Dkt. No. 116.) She also filed a sealed declaration in support of the Second Application. (Dkt. No. 117.) That same day, Plaintiff filed her reply. ("Reply," Dkt. No. 118.) Attached to her Reply, Plaintiff files evidentiary objections to Defendant's Opposition.[1] ("Objections," Dkt. No. 118-1.) Defendant filed a response to these objections on December 31, 2018. ("Response," Dkt. No. 119.)

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following in her SAC. DSW is an Ohio corporation that operates forty-five DSW locations in California. (SAC ¶ 38.) DSW increases its sales by creating the "illusion of traditional outlet and warehouse discounts and bargains," in "offering made-for-outlet goods at prices reduced from fabricated, arbitrary, and false 'Compare At' prices." (Id. ¶ 44.) Plaintiff alleges Defendant intentionally uses false price comparisons deigned to deceive consumers to believe they are purchasing brand-name shoes at a discount, when they are actually buying shoes made exclusively for DSW. (Id. ¶ 46.)

DSW creates and trademarks the DSW Exclusive Products brands, including Kelly & Katie, Lulu Townsend, Poppie Jones, Audrey Brooke, and One Wink. (Id. ¶ 11.) DSW advertises its exclusive products with the "Compare At" price references. (Id. ¶ 12.) Plaintiff alleges this practice constitutes false, fraudulent, and deceptive advertising because the "Compare At" prices on product tags list substantially higher prices than those offered at DSW.

---

[1] Plaintiff objects to Paragraph 4 of the Roy Declaration. The Court does not rely on or use Paragraph 4. Accordingly, Plaintiff's objection is OVERRULED.

(Id. ¶ 70.)  Plaintiff further alleges that every DSW customer's receipt contains a "YOU SAVE" amount in large, capitalized letters, that reflects the difference between the actual price paid and the "Compare At" price advertised on the product price tag.  (Id. ¶ 17.)  Plaintiff alleges this is also true for online purchases, where DSW advertises its Exclusive Products with "Compare At" price references, and DSW tells customers how much they saved when they complete their orders.  (Id. ¶ 48.)  Plaintiff maintains, therefore, that DSW "sets the prices for its DSW Exclusive Products knowing full well that the products will never be sold anywhere at the Compare At price," in order to "facilitate sham markdowns," thereby deceiving its customers into believing they are getting a deal to increase its sales.  (Id. ¶ 16.)

Plaintiff purchased five DSW Exclusive Products in March and April 2016, both at the DSW store located in Sherman Oaks, California, and online through DSW's website.  (Id. ¶ 37.)  Plaintiff alleges she was induced to make these purchases in reliance on DSW's deceptive reference pricing scheme and suffered damages as a result.  (Id.)  Plaintiff asserts these claims on behalf of a "Proposed Class" consisting of "[a]ll California residents who, within the applicable statute of limitations preceding the filing of this action and going forward from the date of the Complaint, purchased a DSW Exclusive Product advertised with a Compare At price and a lower actual selling price from DSW."  (Id. ¶ 56.)

## III.   MOTION TO FILE DOCUMENTS UNDER SEAL

### A.  Legal Standard

There is a strong presumption of public access to judicial records and documents.  Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010).  The presumption applies to pleadings filed with the court and extends to discovery material attached to those pleadings.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1134 (9th Cir. 2003).  Although a request to seal judicial records offends the presumption in favor of public access, the right of access "is not absolute."  Id. at 1135.

Generally, two standards govern requests to seal documents: the "compelling reasons" standard and the "good cause" standard.  Pintos, 605 F.3d 665 at 677.  When the documents sought to be sealed are only "tangentially related" to the underlying cause of action, the court applies a "good cause" standard.  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1097 (9th Cir. 2016).  The Ninth Circuit in Chrysler recognized that whether a motion is dispositive or nondispositive should not automatically dictate which standard a court should apply.  Id. at 1098 ("When using the words 'dispositive' and 'nondispositive,' we do not intend our court intended for these descriptions to morph into mechanical classifications.  Rather, these descriptive terms are indicative of when a certain test should apply.")  The Ninth Circuit continued, explaining: "The focus in all of our cases is on whether the motion at issue is more than tangentially related to the underlying cause of action."  Id. at 1099 (citations omitted); see

also <u>Miotox LLC v. Allergan, Inc.</u>, No. 2-14-cv-08723 ODW (PJWx), 2016 WL 3176557, at *1 (C.D. Cal. June 2, 2016) (examining whether the documents were tangentially related to the cause of action). The Ninth Circuit, in discussing the compelling reasons standard, has stated: "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." <u>Kamakana v. City and Cnty. of Honolulu</u>, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

## B. Discussion

Plaintiff's Motion is only tangentially related to the merits of her claims. The Court need only assess the merits of Plaintiff's claims to determine that her case was not frivolous, unreasonable, or groundless. <u>See</u> <u>Edwards v. Ford Motor Co.</u>, No. 11CV1058-MMA (BLM), 2016 WL 1665793, at *4 (S.D. Cal. Jan. 22, 2016). Accordingly, the Court applies a good cause standard. <u>Chrysler</u>, 809 F.3d at 1097.

Plaintiff seeks to redact certain portions of her Motion and Reply which contain details from exhibits designated as confidential and relate to Defendant's internal business strategies, marketing strategies, and competitively sensitive consumer research. (Application at 3; Second Application at 3.) The Court finds that because the relevant portions relate to confidential business and marketing strategy, good cause exists. <u>See</u> <u>Aevoe Corp. v. AE Tech. Co.</u>, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *1-2 (D. Nev. May 24, 2013) (finding good cause exists to seal documents that identify the plaintiffs' sales information and business strategies). Further, a protective order encompasses the information the parties request the Court to seal. <u>See</u> <u>Edwards</u>, 2016 WL 1665793, at *5 ("Because the 'good cause' standard applied to the parties' joint motion for a protective order, which was granted, and the documents they request the Court seal fall under the Protective Order, the Court GRANTS the parties' motions to file documents under seal.") Accordingly, the Court GRANTS Plaintiff's Application and Second Application.

///
///
///
///
///
///
///
///
///
///
///
///
///

## IV.   MOTION FOR RECONSIDERATION[2]

### A.  Legal Standard

Although Federal Rule of Civil Procedure 60(b) does not specifically provide for the filing of motions for reconsideration of interlocutory orders, a district court has inherent, common law power to rescind, reconsider, and modify such an order before entry of final judgment. <u>Smith v. Massachusetts</u>, 543 U.S. 462, 475 (2005) (Ginsburg, J., dissenting on other grounds); <u>City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper</u>, 254 F.3d 882, 888 (9th Cir. 2001). A motion for reconsideration of an interlocutory order is governed by Local Rule 7-18. <u>Baker v. FirstCom Music</u>, No. 16-cv-08931 VAP (JRPx), 2018 WL 2584814, at *3 (C.D. Cal. Jan. 16, 2018); <u>Dairy Employees Union Local No. 17 Christian Labor Ass'n of the U.S. Pension Tr. v. Ferreira Dairy</u>, No. 5:14-cv-01295 RSWL (MANx), 2015 WL 1952308, at *1 (C.D. Cal. Apr. 28, 2015).

The Court disfavors motions for reconsideration. <u>Baker</u>, 2018 WL 2584814, at *4. Such motions may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18. Given this restriction, a request for reconsideration "may be made only on the grounds of":

(a) a material difference in the fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such a decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18. A party's mere disagreement with the court's application of law to facts is not a "manifest showing of a failure to consider material facts" by the court. <u>Aventis Pharms S A v. Amphstar Pharm., Inc.</u>, EDCV 03-887 RT (SGLx), 2005 WL 5957795, at *2 (C.D. Cal. Mar. 25, 2005) (citing <u>Pegasus Satellite TV., Inc. v. DirecTV, Inc.</u>, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004)). A motion for reconsideration may not be based on a party's disagreement with a court's application of legal precedent. <u>Pegasus Satellite</u>, 318 F. Supp. 2d at 981.

---

[2] The Court declines Plaintiff's alternative request to consider this Motion a renewed catalyst motion. The Court's mere inclusion of the phrase "on the present record" was not an invitation for Plaintiff to re-litigate her Catalyst Motion without seeking leave. The Court merely explained it was skeptical as to whether awarding attorneys' fees would be proper because Plaintiff failed to provide sufficient evidence for the Court to compare Plaintiff's individual stake in this action to the cost of litigation. (August Order at 17.) Because of the deficient record before it, the Court further questioned whether at the time significant litigation decisions were made, a court-awarded fee was necessary to encourage this type of litigation. (<u>Id.</u>) The logical reading of "on the present record" is that the Court found Plaintiff did not carry her evidentiary burden, not that she couldn't have. The Court did not invite re-litigation of the Catalyst Motion by granting leave nor did Plaintiff seek such leave.

---

It is not the purpose of motions for reconsideration to allow the moving party an attempt to "reargue its position by directing this Court to additional case law and . . . argument[s] which [it] clearly could have made earlier, but did not . . . ." Duarte v. J.P. Morgan Chase Bank, No. cv-13-1105 GHK (MANx), 2014 WL 12567787, at *1 (C.D. Cal. May 19, 2014). "A motion for reconsideration 'should not be granted, absent highly unusual circumstances.'" Dairy Employees Union, 2015 WL 1952308, at *1 (quoting Rogers v. United States, No. CR 14-04042 RSWL, 2014 WL 7333409, at *1 (C.D. Cal. Dec. 19, 2014)). Whether to grant a motion for reconsideration is committed to the discretion of the district court. Id.

**B.  Discussion[3]**

**1.  The "Merits" Requirement**

Plaintiff contends this Court should have found that her claim had merit. (Mot. at 5.) Specifically, she contends (1) that other findings in the August Order "compel" such a conclusion; (2) that her claims had merit because her litigation caused the change she intended; and (3) that the Court overlooked evidence that consumers were deceived by "Compare At" pricing. (Id. at 6-10.)

As to her first argument, that other findings in the August Order "compel" a finding that her claim has merit, Plaintiff asserts one paragraph of the August Order was self-contradictory. The August Order states "[t]he Court finds Plaintiff's lawsuit, at least as it relates to injunctive relief, is not frivolous . . . However, as Plaintiff notes, the question is not whether Plaintiff would succeed, but whether the lawsuit was frivolous. Nonetheless, the Court finds Plaintiff has failed to carry her burden." (August Order at 12.) This is the sole basis for Plaintiff's assertion that the August Order "compels" a finding that her claim has merit. First, this is an improper basis for a motion for reconsideration, as this alleges no material difference in fact or law from what was presented to the Court nor does it allege a manifest showing of a failure to consider material facts presented to the Court. See L.R. 7-18. Second, in reviewing the entirety of Part IV.B.1.c of the August Order, which addresses the merits of Plaintiff's claim, the overarching discussion focuses on Plaintiff's failure to present evidence sufficient to carry her burden of showing the suit had merit. (See August Order at 10-13.) The Court provided a robust discussion of what a plaintiff must show and concluded that Plaintiff's reliance on pleading-stage rulings was insufficient. (Id. at 12-13.) Thus, if the alleged contradiction in the August Order supports an inference of error,

---

[3] The Court feels compelled to note that Plaintiff's Motion is nothing more than a thinly-veiled attempt to relitigate the failing aspects of her Catalyst Motion. This is clear from her present submission of new evidence and new legal arguments, both of which were available to her when she filed her Catalyst Motion. Plaintiff attempts to skirt this problem by claiming her Motion is, in the alternative, a renewal of her Catalyst Motion. The Court did not grant Plaintiff leave for such a renewal nor has Plaintiff applied for it. Accordingly, the overwhelming majority of Plaintiff's Motion does not comply with Local Rule 7-18.

the one sentence on which Plaintiff relies appears to be the error, not the three pages explaining in depth why the Court found Plaintiff failed to demonstrate that her action had merit.

As to her second argument, Plaintiff asserted the mere fact Defendant changed its labeling practice to what she sought militates the finding that her claim had merit.  (Mot. at 6-7 (citing Graham v. DaimlerChrysler Corp., 34 Cal. 4th 553, at 576 (2004)).)  It is unclear if Plaintiff contends that the Court misunderstood the legal standard or that it ignored material evidence concerning Defendant's change in pricing by noting in the August Order that "Plaintiff presents no argument or evidence that its action had merit other than to rely on the Court's previous rulings."  (Mot. at 6 (citing August Order at 12)).)  If the former, it is not a proper ground for reconsideration.  See L.R. 7-18.  The Court will not consider Plaintiff's newly raised legal arguments as to why establishing the change requested is sufficient to find that her claim had merit.

For the latter, Plaintiff contends consideration of the fact that she obtained the requested change in conduct is enough to prove her action had merit.  Id.  This appears to be a "manifest showing of a failure to consider material facts" argument, and it is meritless.  First, the Court did consider the fact that Plaintiff established the "precise fact/legal condition that it sought to change or affect" in the August Order.  (August Order at 10-11.)  As the Court noted, this showing is merely a "prerequisite" to showing the catalytic effect of a suit.  (Id.)  Second, Plaintiff does not seem to comprehend that establishing the "precise fact/legal condition that it sought to change or effect" is a necessary, but not sufficient, aspect of her burden to show her claim had merit.  (Mot. at 6-7 (citing Henderson v. J.M. Smucker Co., No. CV 10-4524 GHK (VBKx), 2013 WL 3146774, at *9 (C.D. Cal. June 19, 2013); Graham, 34 Cal. 4th at 576).)  This seems to be based on a misguided reading of the authority she cites.  The Graham Court only writes that "at the very least" a plaintiff must establish this type of change "as a perquisite" for establishing the catalytic effect.  34 Cal. 4th at 576.  The Graham Court expressly notes that "some development of the factual record is required in order to prevail on a catalyst theory" where the suit is mooted by a defendant's change in conduct.  34 Cal. 4th at 576.  Sometimes this factual background "will have been developed in the course of litigation."  Id.  In Henderson, the Plaintiff had already litigated a motion for summary judgment, providing such opportunity to develop the factual background.  2013 WL 3146774, at *9.  And the Graham Court expressly found that fees should not be awarded where a suit lacks merit, "even if its pleadings would survive a [motion to dismiss]."  Graham, 34 Cal. 4th at 576.  The fact that the court in MacDonald v. Ford Motor Co., 142 F. Supp. 3d 884, 894 (N.D. Cal. 2015), found that achieving the change requested was sufficient for this prong does not present a proper basis for reconsideration under Local Rule 7-18, nor does it render this Court's determination erroneous.  Accordingly, the Court's determination the Plaintiff failed to meet her burden reflects no manifest failure to consider material facts.   Third, finding the mere fact that Plaintiff achieved the change she sought through her suit is sufficient to establish merit would collapse the merits inquiry into the catalyst inquiry, as any finding of "catalyst" would render a suit non-frivolous.  This is not the standard.

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk jlo

As to Plaintiff's third argument, she contends the Court failed to consider material evidence showing that consumers were deceived by Defendant's "Compare At" pricing. (Mot. at 9-11.) She contends the Court overlooked her reliance on Defendants' internal documents at Exhibits 9, 10, and 20. (Id. at 10.) This argument is a thinly-veiled attempt to reargue entirely the merits of her Catalyst Motion. In Plaintiff's Catalyst Motion, the portion of her brief discussing the merits of her claim made no reference to these exhibits or any others. (Catalyst Mot. at 22.) She provided a single paragraph, and only asserted that her action had merit because it survived the pleading stage and Defendant changed its practice to what she sought. (Id.) Plaintiff's Catalyst Reply similarly lacks citation to evidence and simply restates her contention that meritless arguments do not survive the pleading stage. (Catalyst Reply at 7-8.) Plaintiff made no argument in any part of her briefing that Exhibits 9, 10, or 20 establish the merits of her action. The Court is not required to scour the record and provide Plaintiff's best arguments for her. If Exhibits 9, 10, and 20 were "material" and the Court's failure to address them in the portion of the August Order reflects such a "manifest showing of a failure to consider material facts," Plaintiff should have argued them accordingly. But she did not.[4] And she cannot argue them now. Duarte, 2014 WL 12567787, at *1 (It is not the purpose of motions for reconsideration under Local Rule 7-18 to allow the moving party an attempt to "reargue its position by directing this Court to additional . . . argument[s] which [it] clearly could have made earlier, but did not . . . ."). Plaintiff cannot use a motion for reconsideration to get "a second bite at the apple." Target Tech. Co, LLC v. Williams Adv. Materials, Inc., 2008 WL 5002935, at *21 (C.D. Cal. Nov. 21, 2008). Thus, the Court fully considered Plaintiff's arguments, and the August Order does not reflect a manifest showing of a failure to consider material facts in reaching its conclusion that her action lacked merit.

Accordingly, the Court DENIES Plaintiff's Motion and will not reconsider whether her claim had merit.

### 2. The "Financial Burden" Requirement

Plaintiff contends this Court should have found that she satisfied the financial burden requirement. (Mot. at 11.) Specifically, she contends (1) that the Court failed to discount the value of her action by the probability of success on her monetary claims at the time she made critical decisions; (2) that her actual fees and expenses show the value of her case did not exceed anticipated litigation costs; (3) that the Court's finding that her action conferred a public benefit independently satisfies the financial burden prong; (4) that seeking damages should not control

---

[4] To the extent Plaintiff cited Exhibits 9, 10, and 20, in other portions of her Catalyst Motion, they were not cited to support any proposition concerning the action's merit. Exhibit 9 was cited to establish Defendant's resistance to changing the "compare at" labeling. (Mot. at 2, 6). Exhibit 10 was cited in Plaintiff's discussion of Defendant's pre-litigation practices and to assert that Defendant had no intention of changing its "compare at" labeling. (Id. at 7.) Exhibit 20 was cited to discuss the timing of Defendant's decision to shift to "compare value" labeling. (Id. at 2, 10, 13.) Not one of these citations appears in any discussion concerning the merit of Plaintiff's action.

the financial burden argument; and (5) that other courts consider an individual plaintiff's stake, not the value of class claims, in estimating an action's value. (Mot. at 11-21.) None of these are appropriate grounds for a motion for reconsideration.

      a.  <u>Argument 1: The Court Failed to Discount the Value of Plaintiff's Action by the Probability of Success on Her Monetary Claims at the Time she Made Critical Decisions</u>

Plaintiff argues that the Court "failed to consider an important factor" by failing to discount the alleged value of Plaintiff's action by her low probability of success on her monetary claims. (Mot. at 12.) However, this is merely a legal argument disguised to appear pseudo-factual in nature. Plaintiff's entire discussion of the Court's failure to discount the value of her action by the probability of success turns on a discussion of legal authority concerning a court's obligation to consider such a discount. (Mot. at 13-15.) Every case on which Plaintiff now relies was available to her when she filed her Catalyst Motion, and she cites no evidence presented to the Court concerning the properly discounted value of her action. Accordingly, Local Rule 7-18 does not permit such a challenge. There are no after-arising changes in law or newly discovered facts to support raising this argument now. Nor does Plaintiff point to a single fact—material or otherwise—the Court failed to consider concerning this argument.

The Court further notes that "[Plaintiff] bears the burden of establishing that its litigation costs transcend its personal interest." <u>Beach Colony II v. California Coastal Comm'n</u>, 166 Cal. App. 105, 113 (1985). Plaintiff's Catalyst Motion provides one single paragraph supporting her assertion that she satisfied this requirement. (Catalyst Mot. at 25.) Without a single citation to the record or any other evidence, Plaintiff asserts that her only financial incentive was potentially a small incentive award and her pro-rata distribution and that her attorneys spent thousands of dollars and hundreds of hours litigating this action. (<u>Id.</u>) Plaintiff offered no discussion nor any evidence concerning the value of her action or the probability of its success at any critical moment—not even a declaration from counsel. Thus, the Court had no argument and no evidence before it from which to determine <u>either</u> the value of the action <u>or</u> the probability of its success. Because the Court had no facts to consider, the August Order does not reflect "a manifest showing of a failure to consider material facts presented to the Court before such decision." <u>See</u> L.R. 7-18. Accordingly, the Court will not revisit its finding that the record was insufficient to determine whether an award of attorneys' fees was appropriate.

      b.  <u>Argument 2: Plaintiff's Actual Fees and Expenses Show the Value of her Case Did Not Exceed Anticipated Litigation Costs</u>

In the August Order, the Court noted that it could not sufficiently compare Plaintiff's individual stake to the cost of litigation. (August Order at 17.) The Court also noted that the deficient record caused the Court to question whether at the time critical litigation decisions were made, a court-awarded fee was necessary to encourage the type of litigation involved in the action. (<u>Id.</u> (citing <u>NEI Contracting and Eng'g, Inc. v. Hanson Aggregates, Inc.</u>, 2017 WL 2363136, at *7 (S.D. Cal. May 31, 2017)).) Plaintiff, on her own accord and without permission

from this Court, "supplements the record" and asks the Court to perform now the analysis it was previously unable to do.[5] (Mot. at 15.) The evidence Plaintiff provides concerns her litigation costs. (Id. at 15-16.) This evidence was available to her and her counsel at the time she filed her Catalyst Motion and was not presented to the Court. Accordingly, this argument is improper under Local Rule 7-18. The Court will not revisit its finding that the record was insufficient to determine whether an award of attorneys' fees was appropriate. The Court will not compare Plaintiff's individual stake to the cost of the litigation.

      c.   Argument 3: Finding that the Action Conferred a Public Benefit
           Independently Satisfies the Financial Burden Prong

      In the August Order, the Court noted that Plaintiff's action conferred a public benefit. (August Order at 15.) Plaintiff now contends that this finding alone satisfies the financial burden requirement. (Mot. at 16.) Again, this challenge to the August Order does not concern any of the proper grounds for reconsideration as outlined in Local Rule 7-18. This is a purely legal argument—one that Plaintiff could have brought, but did not, in her Catalyst Motion. Plaintiff cannot now "reargue [her] position by directing this Court to additional case law and . . . argument[s] which [it] clearly could have made earlier, but did not . . . ." Duarte, 2014 WL 12567787, at *1 (C.D. Cal. May 19, 2014).

      The Court feels compelled to engage with the merits of Plaintiff's improperly raised argument. Plaintiff contends that a court may award attorneys' fees even if the estimated value of a claim exceeds costs if the public benefit conferred is "very significant." (Mot. at 16 (citing Lyons v. Chinese Hosp. Ass'n, 136 Cal. App. 4th 1331, 1353 (2006)).) She then goes on to note that because the Court found Plaintiff's action conferred a significant benefit to the public, she is entitled to fees. (Id. at 17-18.) First, as addressed above, Plaintiff never made this purely legal argument in her Catalyst Motion. (Catalyst Mot. at 25.) Second, the Court notes that the language in Lyons concerns a "very significant" benefit. The Court made no such finding of a "very significant" benefit in its August Order. (August Order at 15.) Third, given that the Court made no finding of a "very significant" public benefit, Plaintiff's argument appears to collapse the "significant benefit" requirement with the "financial burden" requirement. The Court will not collapse these distinct requirements into one.

///
///



     [5] Plaintiff points to a case this Court cited for an entirely different proposition to note that another court permitted a plaintiff who failed to carry this same burden to supplement the record. (Mot. at 15 n.7 (citing Covenant Media of CA, LLC v. City of Huntington Park, CA, 434 F. Supp. 2d 785, 788 (C.D. Cal. 2006)).) Plaintiff says she seeks by this Motion the same opportunity. Id. Plaintiff fails to realize a few critical differences between the plaintiff in Covenant Media and herself: (1) the Covenant Media plaintiff had permission from the court before providing supplemental evidence; and (2) the Covenant Media plaintiff supplemented the record before the court's order. Covenant Media, 434 F. Supp. 2d at 787-88.

    d.  <u>Argument 4: Seeking Damages Should Not Control the Financial Burden Argument</u>

In the August Order, the Court noted that seeking injunctive relief may weigh into financial incentives to litigate. (August Order at 17.) The Court specifically noted that parties seeking only injunctive relief would expect little financial benefit compared to litigation costs. (<u>Id.</u>) The Court concluded this particular analysis by noting that Plaintiff seeks more than just injunctive relief, and so fails to satisfy the financial burden requirement. (<u>Id.</u>) Plaintiff contends that this Court concluded seeking damages is dispositive, or at least highly relevant, as to the financial burden prong. (Mot. at 18.) She further contends that because the Court found Plaintiff's primary relief sought was injunctive relief, this is an improper financial burden analysis. (<u>Id.</u> at 18-19.) First, Plaintiff again raises an improper basis for reconsideration under Local Rule 7-18. This is a purely legal argument, and one which the Court clearly considered in its August Order. Plaintiff may not move for reconsideration based on her disagreement with the Court's application of legal precedent. <u>Pegasus Satellite</u>, 318 F. Supp. 2d at 981. Second, in addition to raising an improper ground for reconsideration, Plaintiff seems to misunderstand the August Order. The Court addresses the context of an injunctive-relief-only action to underscore that a plaintiff who does not seek damages could more easily prove her financial burden—she has no expected financial value to compare to accumulating fees. Here, Plaintiff's requested monetary relief adds a potential financial recovery that complicates the analysis and requires an evidentiary showing—one which Plaintiff failed to make. Thus, the fact that Plaintiff's primary relief sought was injunctive relief does not bear on whether the secondary relief of damages might still properly incentivize actions of this type.

    e.  <u>Argument 5: Other Courts Consider an Individual Plaintiff's Stake, Not the Value of Class Claims, in Estimating an Actions Value</u>

In the August Order, the Court considered the value of the class claims before finding that the Court lacked sufficient evidence to compare Plaintiff's individual stake to the cost of litigation. (August Order at 17.) Plaintiff contends that even in the class action context, her individual stake—not the stake of the class—should be compared to the actual costs of litigation. (Mot. at 19-21.) First, the Court notes that, again, Plaintiff's argument is not a proper ground for reconsideration, as she could have made this purely legal argument in her Catalyst Motion. Second, the Court never actually considered either the class stake or Plaintiff's individual stake compared to actual litigation costs because Plaintiff provided no evidence whatsoever in support of the financial burden requirement. (August Order at 16-17.) Thus, Plaintiff's argument is entirely academic. Finally, even the cases Plaintiff cites in support of this improperly raised argument do not militate focusing on Plaintiff's individual stake in the context of a class action. <u>See, e.g.</u>, <u>Beasley v. Wells Fargo Bank</u>, 235 Cal. App. 3d 1407, 1416 (1991) <u>disapproved of on other grounds by</u> <u>Olson v. Automobile Club of Southern California</u>, 42 Cal. 4th 1142 (2008) ("We view the amount of the actual recovery as being the full $5,227,617 in the common fund-not merely each plaintiff's individual stake-since the entire fund is available to pay attorney fees under the common fund doctrine.").

---

    **CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk jlo

Accordingly, the Court DENIES Plaintiff's Motion and will not reconsider whether she satisfied the financial burden requirement.

## V.    CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion.  The January 7, 2019 hearing is VACATED.

**IT IS SO ORDERED.**